The Honorable Janice L. Hardenburger State Senator, 21st District State Capitol, Room 143-N Topeka, Kansas 66612
Dear Senator Hardenburger:
You have requested our opinion on three specific questions pertaining to the solid waste fees imposed by Washington county pursuant to K.S.A. 65-3410(a). In Attorney General Opinion No.95-21, issued at your request, we addressed the legality of the mandatory solid waste user's fees assessed by Washington county pursuant to Resolution No. 24-94, as amended by Resolution No. 31-94. While we concluded that the county could prospectively establish a mandatory solid waste user's fee for calendar year 1995, we determined that the resolution was invalid insofar as it imposed monthly solid waste user's fees for the period May, 1994 through January, 1995 inclusive. We also determined it was permissible for the county to designate the county solid waste management department to collect the solid waste user's fee in the first instance, rather than the county treasurer.
You have specifically asked us to address the following issues, which were not raised in your previous inquiry:
 1. the legality of the fee imposed by Washington county for solid waste collection services;
 2. the reasonableness of the property classification system adopted by the county; and
 3. the legality of the method adopted by the county for collecting delinquent fees.
A monthly fee for solid waste collection services is established by paragraph 3(b) of Resolution No. 24-94, as amended by Resolution No. 31-94. For occupied residences and businesses located within the boundaries of any incorporated city in the county, the monthly solid waste collection fee is fixed at $5.25. Businesses and residences located outside the boundaries of any incorporated city, that receive waste collection or trash hauling services provided by the company with which the county contracts, are required to pay a monthly fee established by the contractor, which may not be less than $5.25. The resolution provides for the collection of such monthly fees for the months of May through December, 1994, and all months thereafter.
Based upon the information available to us, the monthly fee for solid waste collection services was established for the first time by the county on December 27, 1994, when Resolution No. 24-94 was adopted. Under the solid waste management plan adopted by the county in 1974, solid waste collection fees were previously established by ordinance in each of the incorporated cities within Washington county.
As we noted in Attorney General Opinion No. 95-21, the statute requires that the resolution establishing solid waste fees must be adopted on or before July 1 of the calendar year for which they are imposed. This requirement applies to both the mandatory collection fee or tax imposed on property within the boundaries of incorporated cities, as well as the collection fee imposed on property located outside city boundaries for which collection services are provided at the election of the property owner or user. Therefore, to the extent that Washington county Resolution No. 24-94, as amended, establishes solid waste collection fees retroactively for months in calendar year 1994, it is invalid under K.S.A. 65-3410(a). However, the resolution timely imposes solid waste collection fees on a prospective basis for monthsafter December 1994, since it was adopted prior to July 1, 1995.
Your second inquiry is whether the property classification system adopted by the county pursuant to K.S.A. 65-3410(a) is reasonable. The statute explicitly requires a county electing to establish solid waste fees to devise a classification system for the real property within its solid waste service area. K.S.A. 65-3410(a) reads in pertinent part as follows:
 "In establishing the schedule of fees, the board of county commissioners shall classify the real property within the county solid waste service area based upon the various uses to which the real property is put, the volume of waste occurring from the different land uses and any other factors that the board determines would reasonably relate the waste disposal fee to the real property upon which it would be imposed."
Resolution No. 24-94 divides all real property into two classes: (1) all residences and dwelling units, and (2) all businesses. However, mandatory fees assessed for solid waste collection and disposal for real property within the boundaries of any incorporated city are the same for each classification. An annual fee of $75.90 is charged for the solid waste user's fee, and a monthly fee of $5.25 is fixed for solid waste collection. Solid waste collection fees imposed on property located outside any incorporated city, for which collection services are provided, are determined by separate agreement, but may not be less than $5.25 per month.
The statute gives the county considerable discretion in determining the factors to be employed in relating the amount of the solid waste fee to the real property on which it is imposed. However, the statute requires such property to be classified on the basis of the various uses to which the property is put and the volume of waste occurring from the different land uses. The board of county commissioners in Washington county has nevertheless determined by adoption of Resolution No. 24-94, as amended, that the mandatory fees should be the same for each residential unit or business without regard to the volume of waste generated.
In Zerr v. Tilton, 224 Kan. 394 (1978), the Kansas Supreme Court considered a challenge to a Gove county resolution imposing fees for the collection of solid waste. The resolution established a fee schedule under which single family residences were assessed the lowest fee, and properties used for commercial, industrial, governmental, or institutional purposes were assessed differing fees depending upon the volume of solid waste generated. The plaintiffs argued that the classifications established in the resolution violated equal protection principles. 224 Kan. at 396. Adopting in full the opinion of the district court in a per curiam
opinion, the Kansas Supreme Court upheld the resolution, reasoning that equal protection does not preclude the drawing of distinctions between different groups as long as persons similarly situated with respect to the legitimate purpose of the law receive like treatment. Id. at 397-98. The court held that the resolution's distinctions between categories of property were reasonably related to the disposition of solid waste for the protection of public health. Id.
Attorney General Opinion No. 84-97 addressed a Rawlins county resolution imposing solid waste disposal fees. The resolution established several classifications for residences and businesses. The lowest fee was set for rural residences, with progressively increasing amounts for city residences and for small, medium, and large businesses. Attorney General Stephan determined that the classification system represented a valid attempt to distinguish property based upon the volume of waste generated.
While the Kansas solid waste management act, K.S.A. 65-3401 etseq., delegates broad authority to the county to develop a solid waste management plan, the exercise of that authority is subject to certain statutory restrictions. If the county elects to establish fees to finance all or part of its solid waste management system, it must do so in the manner provided by statute. Among other things, the statute requires the board of county commissioners to classify real property within the solid waste service area on the basis of the manner in which the property is used and the amount of solid waste generated. The Washington county resolution classifies real property depending upon whether it is used for residential or business purposes, but it imposes flat mandatory fees for each dwelling unit or business, notwithstanding the amount of waste produced. Consequently, it is our opinion that the Washington county resolution fails to reasonably classify the real property on which the solid waste fees are imposed, as required by K.S.A. 65-3410(a).
Your final question is whether the method set forth in the resolution for collecting delinquent fees is permissible. Paragraph 11 of Resolution No. 24-94 is virtually identical to the provisions of the third paragraph of K.S.A. 65-3410(a) and subsections (1) — (4), which set forth the procedures to be followed for collecting delinquent fees. In Uhl v. Ness City,Kansas, 590 F.2d 839 (10th Cir. 1979), the tenth circuit court of appeals held that the method set forth in the statute was the exclusive method contemplated by the Kansas legislature for collecting delinquent solid waste charges. Id. at 844; see also
Attorney General Opinions No. 84-97, 95-21. The method established in the resolution for collecting delinquent fees is consistent with the statute and its interpretation by the courts.
In summary, the solid waste collection fee established by Washington county for the months of May through December, 1994 was not properly imposed, because the authorizing resolution was not adopted prior to July 1, 1994. However, the resolution properly established a monthly solid waste collection fee on a prospective basis effective January, 1995. The county's classification of real property within the solid waste service area does not comply with K.S.A. 65-3410(a), which requires adoption of a fee schedule that reasonably relates the amount of the solid waste fee to the relevant characteristics of the real property on which it is imposed. Finally, the method set forth in the resolution for collecting delinquent fees is consistent with the exclusive method set forth in K.S.A. 65-3210(a)(1)-(4).
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 J. Lyn Entrikin Goering Assistant Attorney General
CJS:JLM:LEG:bas